UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNETTE PATTERSON, on her own
behalf and others similarly situated,

    Plaintiff,

v.                                              CASE NO. 3:13-cv-87-J-99MMH-JBT

ACADEMY FIRE PROTECTION, INC.,
a New Jersey corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Revised Settlement Agreement ("Joint Motion") (Doc. 36), which was referred to the undersigned for preparation of a report and recommendation on November 22, 2013.[2] The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the undersigned recommends that the Joint Motion be **GRANTED** and the Revised Settlement

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] In light of the filing of the Joint Motion, the undersigned will recommend that the parties' Amended Joint Motion for Approval of Settlement Agreement (Doc. 30), filed on October 10, 2013, be denied as moot.

1

Agreement be **APPROVED**.

## I.     Background

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. 1.) Plaintiff, Jennette Patterson, sought to recover overtime compensation, liquidated damages, reasonable attorney's fees, costs, and prejudgment interest.[3] (*Id.*) Plaintiff alleged that she was employed by Defendant as a Service Coordinator. (*Id.*) She also alleged that she worked in excess of forty hours per work week, but was not compensated at the statutory rate of one and one-half times the regular rate for the overtime hours worked. (*Id.*) Defendant denied that Plaintiff was entitled to any of the damages or relief sought and asserted a number of affirmative defenses. (Doc. 11.)

On June 10, 2013, the parties filed a Joint Report Regarding Settlement informing the Court that they have settled the case. (Doc. 22.) On August 1, 2013, the parties filed their Joint Motion for Approval of Settlement Agreement ("first motion") and attached the Confidential Settlement Agreement and Release of All Claims ("Settlement Agreement").[4] (Docs. 26, 26-1.) On August 5, 2013, the Court entered an Order taking the first motion under advisement and directing the parties

---

[3] Although Plaintiff brought this case "on her own behalf and others similarly situated" (Doc. 1 at 1), no other similarly situated individuals have opted-in as plaintiffs in this case.

[4] The Court previously denied Defendant's Unopposed Motion to File Settlement Agreement Under Seal (Doc. 24). (*See* Doc. 25.)

to file, on or before August 26, 2013, a supplemental memorandum addressing whether the portion of the settlement representing attorney's fees and costs was negotiated separately from the amount to be paid to Plaintiff. (Doc. 27.) In the same Order, the Court also directed Plaintiff's counsel to file and serve contemporaneous time records for this case by that same date. (*Id.*)

On August 19, 2013, the parties filed their Amended Joint Motion for Approval of Settlement Agreement ("second motion"), attached Plaintiff's counsel's fee and cost ledgers, and re-attached the Settlement Agreement. (Docs. 28, 28-1, 28-2, 28-3.) On September 20, 2013, the Court entered an Order denying the second motion without prejudice to filing a new motion, no later than October 11, 2013, that specifically addressed whether the portion of the settlement representing attorney's fees and costs was negotiated separately from the amount to be paid to Plaintiff. (Doc. 29.) The second motion was still unclear on this point.

On October 10, 2013, the parties filed their Amended Joint Motion for Approval of Settlement Agreement ("third motion"), and re-attached the Settlement Agreement. (Doc. 30.) On October 22, 2013, the Court entered an Order taking the third motion under advisement and directing the parties to respond to the Order no later than November 12, 2013, by providing evidence in support of their asserted hourly rates and by either filing a new executed settlement agreement omitting any reference to confidentiality or addressing the Court's concern regarding the confidentiality provision in the Settlement Agreement. (Doc. 31.)

On November 21, 2013, after being granted an extension of time to do so (*see* Doc. 34), the parties filed the present Joint Motion (or "fourth motion"), and attached their Revised Settlement Agreement and Release of All Claims ("Revised Settlement Agreement"), and Plaintiff's counsel's fee and cost ledgers. (Docs. 36, 36-1, 36-2, 36-3.) On the same date, Plaintiff also filed a Supplement to the Joint Motion, and attached the Affidavit of Andrew Frisch, Esq. and the Declaration of Camar R. Jones. (Docs. 37, 37-1, 37-2.)

The Revised Settlement Agreement does not include a confidentiality clause. (Doc. 36-1.) It provides that Defendant will pay the total sum of $7,000.00 as follows: $3,500.00 payable to Plaintiff for overtime wages, and $3,500.00 payable to Plaintiff's attorneys for attorney's fees and costs. (*Id.* at 2.) The Joint Motion states that the portion of the settlement representing attorney's fees and costs was not negotiated separately from the amount to be paid to Plaintiff. (Doc. 36 at 3 n.2 & at 7.) The Joint Motion also provides:

> The parties' negotiations involved global numbers. However, during the negotiation process, the parties were aware of the specific amounts being claimed by Plaintiff based on Plaintiff's responses to this Court's interrogatories. The parties were able to review Defendant's time and compensation records to determine the number of weeks to subtract from Plaintiff's claim and determine the appropriate damages for Plaintiff, assuming that Plaintiff worked the hours she claimed (although Defendant disputed that fact). At no time did Defendant agree to discuss liquidated damages as part of the settlement because there was no evidence of lack of good faith in Defendant's compensation of Plaintiff. Further, Defendant contended if Plaintiff worked off the clock, it was completely unaware of any such work. The amount of damages Plaintiff is receiving is reasonable because the parties took into account

> Plaintiff's actual schedules and time records to determine the specific number of overtime hours she could have worked, and the weeks where it was impossible for her to claim overtime. With that analysis, the parties were able to determine an appropriate, global settlement amount, which provides Plaintiff with 90% of the total damages she is entitled to. The award of attorneys' fees and costs [Shavitz Law Group, PA] is receiving under the agreement is discounted 16% from the actual attorneys' fees and costs it incurred in representing Plaintiff. The parties' settlement is fair and reasonable both under the standards established by Bonetti and Lynn's Food Stores, Inc., and the parties respectfully request that this Court approve the settlement.

(*Id.* at 7-8.)

**II.     Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of those rights. *Id.* at 1352. "If a

settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. However, the "FLSA [also] requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v.*

*My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

When attorney's fees are not negotiated separately, however, "the reasonableness of the settlement cannot be approved on its face but must be carefully scrutinized using the lodestar approach." *Cohen v. Goodyear Tire & Rubber Co.*, 2009 WL 3790292, at *3 (M.D. Fla. Nov. 9, 2009). "[A]ny amount above the lodestar is unreasonable unless supported by some special circumstance." *Id.* at *4. Ultimately, there are two issues regarding fees: "that counsel is compensated adequately and that no conflict of interest taints the amount" to be received by the employee(s). *Silva*, 307 Fed. App'x at 351.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery*, 836

F.2d 1292, 1299 (11th Cir. 1988).  The court "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at 1303.  In determining the reasonableness of the hourly rate, the court may also consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5]  *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994).

### III. Analysis

#### A. Bona Fide Dispute

In the Joint Motion, the parties represent that there is a bona fide dispute as to whether Plaintiff is entitled to any compensation under the FLSA.  (Doc. 36 at 2.)  Primarily, Defendant disputes that Plaintiff worked any overtime because she was not instructed or permitted to do so (except on a single occasion for one hour (*see* Doc. 17 at 1-2)).  (Doc. 36 at 2.)  Defendant also disputes that Plaintiff could have worked before the start of her shift because she had no access to her work area.  (*Id.* at 2, 5.)  Considering the parties' representations, and upon review of the filings in this case, the undersigned recommends that there is a bona fide dispute over FLSA issues.

---

[5] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

**B.     Reasonableness of Compromise**

Plaintiff's Answers to the Court's Interrogatories indicate that Plaintiff sought the sum of $10,350.00 ($5,175.00 in overtime wages and $5,175.00 in liquidated damages) for Defendant's alleged violation of the FLSA. (Doc. 13 at 4.) Under the terms of the Revised Settlement Agreement, Plaintiff will receive $3,500.00 for overtime wages, or approximately two-thirds of the wage amount originally sought, and no liquidated damages.[6]   (Doc. 36-1 at 2.)    This settlement amount compensates Plaintiff for her alleged overtime work in 17 out of the 23 weeks originally claimed. (Doc. 36 at 3.) This amount reasonably excludes the six weeks during which Plaintiff either recorded less than 30 hours per week or could not have worked more than four days per week because of holidays. (*Id.* at 2.) Taking the exclusion of six weeks into account, Plaintiff's proposed recovery of $3,500.00 equates to over 90% of the overtime wages claimed based on 17 work weeks ($22.50 per hour x 10 hours x 17 weeks = $3825.00). (*Id.*) Plaintiff is not receiving any liquidated damages under the terms of the Revised Settlement Agreement because the parties agree that there is no evidence of bad faith on Defendant's part and no evidence that Defendant knew that Plaintiff worked uncompensated overtime hours (*Id.* at 5-6, 8).   See 29 U.S.C. § 260 ("[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in

---

[6] The undersigned recognizes that this percentage would have to be adjusted if prejudgment interest were added.

good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.").

The undersigned recommends that the settlement amount due to Plaintiff is "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354. First, as shown above, there is a bona fide dispute regarding Plaintiff's entitlement to any overtime compensation. In light of this dispute, the proposed settlement amount equating to over 90% of the overtime wages that Plaintiff could have recovered assuming she worked 10 overtime hours during 17 weeks, is a reasonable compromise.

Further, although Plaintiff is not receiving any liquidated damages, in light of the parties' genuine dispute about whether she is entitled to such damages,[7] the undersigned recommends that such compromise is reasonable in the circumstances. *Cf. Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (stating that "a plaintiff cannot waive her right to liquidated damages in a FLSA settlement when

---

[7] The Joint Motion provides that although Plaintiff claimed that she was instructed by a supervisor to work "off the clock" hours, the individuals who supervised Plaintiff denied any such instruction, and "[w]ith these denials, there is no way Defendant could have been put on notice of Plaintiff working hours for which she was not compensated." (Doc. 36 at 2.)

there is no genuine dispute about whether she is entitled to them") (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-10 (1945)).

### C.     Lack of Conflict of Interest

Under the terms of the Revised Settlement Agreement, Plaintiff's counsel are due to recover $3,500.00 in attorney's fees and costs. (Doc. 36-1 at 2.) The Joint Motion provides that the sum of $3,105.00 is allocated for attorney and paralegal fees and the sum of $390.00 is allocated for costs.[8] (Doc. 36 at 3.) Counsel's fee and cost ledgers show that Plaintiff incurred $3,128.50 in attorney's fees, $430.00 in paralegal fees, and $390.00 in costs ($350.00 for the filing fee and $40.00 for service of process), for a total of $3,948.50. (Docs. 36-2, 36-3.) Thus, Plaintiff's attorneys are discounting their fees/costs by $448.50. The fee ledger also shows that the hourly rates of Plaintiff's counsel are as follows: $350 for Gregg Shavitz, $265.00 for Camar Jones, and $100.00 for Renata Araujo (paralegal).[9] (Doc. 36-2.)

The undersigned recommends that although at least Mr. Shavitz's hourly rate may not be reasonable for this market, when the fee/cost discount is factored in, the difference, if any, between a reasonable fee and the requested fee is so slight that

---

[8] As the items presented do not add up to $3,500, the undersigned recommends that the Court allocate the $5 discrepancy to fees for an amount of $3,110.00.

[9] Plaintiff's Supplement, the Affidavit of Mr. Frisch, and the Declaration of Mr. Jones were all filed in support of Mr. Shavitz's hourly rate of $350 and Mr. Jones's hourly rate of $265. (Docs. 37, 37-1, 37-2.) However, in light of the discussion below, the undersigned need not decide whether these hourly rates are reasonable for the attorneys' work on this case.

there is no reason to believe that a conflict of interest taints the settlement. First, the hours spent by Plaintiff's attorneys and paralegal in this case appear to be reasonable. Moreover, the hourly rate of the paralegal is in line with the prevailing hourly rates for similar work in this District. *See Rastellini v. Charles*, 2009 WL 2579316, at *4 (M.D. Fla. Aug. 17, 2009) (finding an hourly rate of $95.00 for paralegal work in an FLSA case to be reasonable). Further, the costs sought as part of the settlement for the filing fee ($350.00) and the service of process fee ($40.00) are reasonable and recoverable pursuant to 28 U.S.C. § 1920. After factoring out (by deducting) the paralegal fees ($430.00) and the costs ($390) from counsel's proposed recovery of $3,500, the attorney's fees for the work performed by Mr. Shavitz and Mr. Jones are $2,680.00, instead of $3,128.50, a discount of approximately 15%. This results in an effective hourly rate of approximately $300 for Mr. Shavitz and $225 for Mr. Jones. Mr. Jones's effective hourly rate is in line with "the going rate for FLSA work in this district," which was between $150 and $250 an hour for attorneys in 2009. *Natera v. Mastercorp of Tenn., Inc.*, 2009 WL 2765878, at *5 (M.D. Fla. June 23, 2009). Although Mr. Shavitz's effective hourly rate is higher than the going rate as of 2009, he devoted only 2.2 hours to the case. Assuming a reasonable rate of $250 per hour rather than $300, the difference between a reasonable fee and the proposed fee is only $110. This amount is insignificant and, as such, the undersigned recommends that it does not taint the

amount to be recovered by Plaintiff.[10]

Therefore, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 36**) be **GRANTED** and the Revised Settlement Agreement (**Doc. 36-1**) be **APPROVED**.

2. The Amended Joint Motion for Approval of Settlement Agreement (**Doc. 30**) be **DENIED as MOOT**.

3. The case be **DISMISSED WITH PREJUDICE**.

4. The Clerk of Court be **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 6, 2013.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[10] Further, counsel is being adequately compensated for their work in this matter.